Case 4:16-cv-00979 Document 15 Filed in TXSD on 08/29/16 Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 31, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY LEE RHEA, | § | |
| *Petitioner*, | § | |
| v. | § | CIVIL ACTION No. H-16-0979 |
| LORIE DAVIS, | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a section 2254 habeas petition challenging a prison disciplinary conviction. Respondent filed a motion for summary judgment (Docket Entry No. 13), to which petitioner filed a response (Docket Entry No. 14).[1] Having reviewed the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit with prejudice.

Petitioner was found guilty of soliciting assistance in violation of prison rules and regulations, and was punished with temporary loss of certain privileges and forfeiture of thirty days good time credit. Petitioner stated to the Court under penalty of perjury in his petition that he is eligible for mandatory supervised release.

In the motion for summary judgment, respondent presents probative summary judgment evidence in the form of official prison records showing that petitioner is *not*

---

[1] Petitioner failed to serve a copy of his response on counsel for respondent, and the response is not properly before the Court. The Court has reviewed the response in the interest of justice and finds that, even assuming it were properly before the Court, the response would not have changed the outcome of this case.

eligible for mandatory supervised release. Petitioner does not controvert this evidence, and offers no justification for his misrepresenting this essential fact to the Court.

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535–36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31–33 (5th Cir. 1995). Because petitioner is ineligible for mandatory supervised release, due process concerns were not implicated and prison officials were not required to afford petitioner due process at the disciplinary hearing. *Madison*, 104 F.3d at 768–69. Petitioner raises no cognizable federal habeas claim.

This lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on AUG 2 9 2016.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

2